UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARRINGTON CLIVE CAMPBELL,

                       Petitioner,

        -against-

JUDITH ALMODOVAR, *New York Field Office Director, U.S. Immigration and Customs Enforcement*; TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*,

                       Respondents.

Case No. 1:25-cv-09509 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On December 10, 2025, the Court ordered Petitioner's immediate release from DHS custody, finding that DHS had violated Petitioner's due process rights. *See generally* Dkt. 17. Subsequently, Petitioner has informed this Court that DHS has directed Petitioner to "appear on December 17, 2025, to be fitted with a GPS ankle monitor and to comply with ongoing supervision requirements." Dkt. 20. Because electronic monitoring and mandatory reporting amount to custody for habeas purposes, *see Khabzha v. U.S. Immigr. & Customs Enf't*, No. 25-cv-05279 (JMF), 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25, 2025), the parties have both sought clarification regarding the scope of the Court's release order, *see* Dkts. 20, 22.

      The Court accordingly provides the following clarification: In ordering Petitioner's release, the Court held that detention pursuant to DHS's discretionary authority under 8 U.S.C. § 1226(a) must be "premised on an individualized custody determination based on [Petitioner]'s dangerousness and flight risk." Dkt. 17 at 22 (citing *Velasca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2000), *appeal withdrawn sub nom. Velasca v. Wolf*, No. 20-cv-02153, 2020 WL 7973940 (2d Cir. Oct. 13, 2020); 8 C.F.R. § 1236.1(c)(8)). At the time of the Court's December

10 order, there was "no record evidence that any kind of individualized determination was made" as to Campbell's detention. *Id.* Respondents have not represented that DHS has since conducted any assessment. *See generally* Dkt. 22. Thus, in the absence of such an assessment, any form of re-detention — including electronic monitoring and mandatory reporting — violates Petitioner's due process rights and shall not be undertaken at this time.

Dated: December 15, 2025
       New York, New York

                                       SO ORDERED.

                                       JENNIFER L. ROCHON
                                       United States District Judge